BENOT FRISON *vs.* JEAN DE PEIFFER.

Sagadahoc.    Announced at July Law Term, Western

District, 1890.    Opinion September 18, 1890.

*Reference. Rule of Court. Award and Effect.*

Where parties to an action submit the same to a referee under an unrestricted rule of court, his authority extends to, and, in the absence of any improper motive on his part, his direct, unconditional award is conclusive of all questions of law and fact involved.

ON EXCEPTIONS.

The action having been referred, under a rule of court, when the referee's report was offered for acceptance, the defendant filed objections to its allowance.  He offered proof to substantiate his objections ; which having been heard and considered by the court, were overruled, and the report being accepted, he took exceptions.

The case appears in the opinion.

*Geo. B. Sawyer*, for defendant.

*A. N. Williams*, for plaintiff.

VIRGIN, J.    Exceptions to the overruling of the defendant's objections to an award of a referee under a rule of court, and to its acceptance.

The defendant " does not claim that there was any fraud, conscious collusion or other intentional wrong-doing on the part of the referee ;" but does claim that, "he failed to comprehend the law and the facts in the case, or to apply the established principles of law to the facts which he might have ascertained by a more careful attention to the evidence," &c.

The general rule established in this state is that, when the parties to an action submit it to a referee under an unrestricted rule of court, his authority extends to, and, in the absence of any improper motive on his part, his direct, unconditional award is conclusive of all questions of law and fact involved.  *Brown* v. *Clay*, 31 Maine, 518 ; *Hull* v. *Decker*, 51 Maine, 31 ;

*Mitchell* v. *Dockray*, 63 Maine, 82 ; *Hagar* v. *N. E. Ins. Co.* 63 Maine, 502 ; *Morse* v. *Morse*, 62 Maine, 443. The result is the same when, by the terms of the rule, the referee is "to decide the action on legal principles ;" for the referee is under no obligations,— even if requested,— to report the facts and submit questions of law for the consideration of the court. *Sweeny* v. *Miller*, 34 Maine, 388 ; *Plummer* v. *Stone*, 65 Maine, 410.

This meets and disposes of the first, second, fourth and fifth objections urged against the acceptance of the award.

Some of the evidence before the referee consisted of sixteen printed pages of letters in the French language which the defendant requested the referee to cause to be translated into English ; and in consequence of his omission to do so, the objection is made that he failed to understand, comprehend and consider their contents which were material to the issue. The answer is twofold : (1,) It was no part of the duty of the referee to cause the letters to be translated ; and (2) the referee testifies that, with the aid of his grammar and dictionary, he refreshed his collegiate knowledge of the language and understood the purport of the letters ; and hence this objection is not proved.

The only bias or prejudice apparent in the case on the part of the referee is that his decision was against the defendant.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.